Jacob S. Wessel, Esq., ISB #7529
THOMSEN STEPHENS LAW OFFICES, PLLC
2635 Channing Way
Idaho Falls ID 83404
Telephone (208)522-1230
Fax (208)522-1277

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | | |
|---|---|---|
| JOSHUA C. CLARK, | ) | Case No. CV-08-55 |
| | ) | |
| Plaintiff, | ) | COMPLAINT |
| | ) | |
| v. | ) | |
| | ) | |
| CONSTRUCTION MANAGEMENT | ) | |
| SERVICES, INC. d.b.a. CMS, INC., | ) | |
| PRESIDENT CAROLYN MACFARLAND, | ) | |
| DIRECTOR CHAPPARAL HOMES, | ) | |
| DIRECTOR RANCE MACFARLAND, and | ) | |
| UNKNOWN SHAREHOLDERS I-X, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Joshua C. Clark, for cause of action against the above captioned defendants, states

and alleges as follows:

## COUNT I: FLSA

1.     This court has jurisdiction pursuant to 29 USC § 216(b) of the Fair Labor Standards

Act of 1938.

2.     Plaintiff Joshua C. Clark is a resident of Bonneville County, Idaho.

3.      Defendant Construction Management Services, Inc., d.b.a. CMS, Inc. is a corporation registered in the states of Idaho and Wyoming and doing business in the state of Idaho.

4.      Defendant Construction Management Services, Inc., d.b.a. CMS, Inc. is an employer within the meaning of 29 USC § 203(d) and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 USC § 203(s)(1), Fair Labor Standards Act of 1938.

5.      On or about April 1, 2006 defendant Construction Management Services, Inc., d.b.a. CMS, Inc. employed plaintiff as a construction worker.  Plaintiff's duties entailed general construction work.  At all times relevant hereto plaintiff was engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 USC § § 206 and 207, Fair Labor Standards Act of 1938.

6.      At no time during the course of his employment was plaintiff an "exempt employee" within the meaning of 29 USC § 213, Fair Labor Standards Act of 1938.

7.      During the course of plaintiff's employment, defendant  Construction Management Services, Inc., d.b.a. CMS, Inc. paid plaintiff a salary which constituted plaintiff's regular rate of pay within the meaning of 29 USC § 207(e), Fair Labor Standards Act of 1938. As of August 3, 2008, the date upon which plaintiff left the employment of Construction Management Services, Inc., d.b.a. CMS, Inc., plaintiff's regular rate of pay was $22.00 per hour, and he had worked 83.5 hours which qualified for overtime pay.

8.      During the course of plaintiff's employment with defendant, defendant regularly and consistently required plaintiff, as a condition of continued employment, to work in excess of 40

hours per week. Notwithstanding the fact that defendant required plaintiff to regularly and consistently work in excess of 40 hours per week, defendant failed to pay plaintiff overtime compensation as required by 29 USC § 207(a)(1) Fair Labor Standards Act of 1938.

9.      Defendant's failure to pay overtime compensation to plaintiff is a violation of 29 USC § 207(a)(1), Fair Labor Standards Act of 1938. Pursuant to 29 USC § 216(b), plaintiff is entitled to recover from Defendant the amount of the unpaid overtime compensation and an equal additional amount as liquidated damages.

10.     Defendant's violation of 29 USC § 207(a)(1) was a wilful violation within the meaning of 29 USC § 255(a).

11.     Pursuant to 29 USC § 216(b), plaintiff is entitled to recover from defendant plaintiff's reasonable attorney fees incurred in this action as well as costs of the action.

### COUNT II: UNPAID WAGES

12.     Defendant incorporates and re-alleges all allegations contained in Paragraphs 1 through 11 as if fully stated herein.

13.     This court has supplemental jurisdiction over this state law claim pursuant to 28 USC 1367(a) because it is so related to the above FLSA claim in which this court has original jurisdiction that it forms part of the same case or controversy.

14.     At the time plaintiff left the employment of Construction Management Services, Inc., d.b.a. CMS, Inc. on August 3, 2007, he had not been paid anything for 232 hours of work at plaintiff's regular rate of pay of $22.00 per hour, which amounts to $5,104.00 in unpaid wages. This includes a check for $1,600.00 that defendants paid to plaintiff that was returned for insufficient funds.

15.     Plaintiff has withheld these wages willfully and without just cause.

16.     Pursuant to Idaho Code § 45-615, plaintiff is entitled to recover from defendants damages in the amount of three (3) times the unpaid wages found due and owing, plaintiff's reasonable attorney fees incurred in this action, as well as costs of the action.

### COUNT III: PIERCING THE CORPORATE VEIL

17.     Defendant incorporates and re-alleges all allegations contained in Paragraphs 1 through 16 as if fully stated herein.

18.     This court has supplemental jurisdiction over this state law claim pursuant to 28 USC 1367 because it is so related to the above FLSA claim in which this court has original jurisdiction that it forms part of the same case or controversy.

19.     Defendants Marolyn MacFarland, Chapparal Homes, Rance MacFarland, and unknown shareholders I-X all have ownership and/or management interests in Construction Management Services, Inc. d.b.a. CMS, Inc.

20.     Defendants Marolyn MacFarland, Chapparal Homes, Rance MacFarland, and unknown shareholders I-X all disregarded the Construction Management Services, Inc. d.b.a. CMS, Inc. corporate entity, used it and its assets for their own personal use and non-business expenses, used the corporate entity to defraud the entity's employees, and failed to comply with legal requirements necessary to maintain the corporate entity.

21.     Plaintiff is entitled to an order of this court piercing the corporate veil and holding each of said defendants personally liable, jointly and severally for any and all judgments rendered herein.

WHEREFORE, plaintiff prays the judgment, order and decree of this court as follows:

---

1.      For an award of damages in the amount of plaintiff's unpaid overtime wages, in accordance with 29 USC § 216(b), in an amount to be proven at trial;

2.      For an award of damages in an additional equal amount of plaintiff's unpaid overtime wages as liquidated damages pursuant to 29 USC § 216(b);

3.      For an award of damages in the amount of three (3) times plaintiff's unpaid wages in the amount of $15,312.00 pursuant to Idaho Code § 45-615;

4.      For an order piercing the corporate veil of  Construction Management Services, Inc. d.b.a. CMS, Inc.

5.      For plaintiff's reasonable attorney fees and costs incurred herein pursuant to 29 USC § 216(b), Idaho Code § 45-615, Idaho Code § 12-120, and Idaho Code § 12-121; and

6.      For such other and further relief as the court deems just and proper.

DATED this _3_ day of January, 2008.

THOMSEN STEPHENS LAW OFFICES, PLLC


By: _____
        Jacob S. Wessel, Esq.

5 -    COMPLAINT

DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

DATED this 31 day of January, 2008.

THOMSEN STEPHENS LAW OFFICES, PLLC

By: _____
Jacob S. Wessel, Esq.

JSW\
6535\001 Complaint

6 -   COMPLAINT